**Michael E. Haglund**, OSB No. 772030
email: mhaglund@hk-law.com
**Michael K. Kelley,** OSB No. 853782
email: Kelley@hk-law.com
**HAGLUND KELLEY LLP**
200 SW Market Street, Suite 1777
Portland, Oregon 97201
Phone: (503) 225-1257
Special Assistant Attorneys General for Plaintiff

**Tim D. Nord, OSB No. 882800**
email: Tim.D.Nord@doj.state.or.us
Special Counsel
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
Telephone: (503) 934-4400
Fax: (503) 378-5017

Attorneys for Plaintiff State of Oregon

# IN THE UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. Master File No. 3:07-md-1827 SI<br><br>Case No. 3:10-4346 SI |
| This Document Relates to Individual Case No. 3:10-cv-4346 SI<br><br>STATE OF OREGON, *ex rel* Ellen F. Rosenblum, Attorney General,<br><br>                    Plaintiff,<br>     v.<br><br>AU OPTRONICS CORPORATION, et al.,<br><br>                    Defendants. | **[PROPOSED] ORDER GRANTING APPROVAL OF PLAINTIFF STATE OF OREGON'S SETTLEMENTS WITH ALL DEFENDANTS**<br><br>Hearing Date: October 30, 2015<br>Time: 9:00 A.M.<br>Courtroom:  10<br><br>The Honorable Susan Y. Illston |

///

PAGE 1 – PROPOSED ORDER REGARDING PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENTS WITH ALL DEFENDANTS

The Oregon Attorney General has brought before this Court three matters for review and approval: (1) nine separate proposed settlement agreements ("Proposed Settlements") which the Oregon Attorney General believes are reasonable and in the best interests of Oregon and its citizens; (2) a proposed plan for providing notice of these settlements ("Notice Plan") to Oregon political subdivisions and natural persons that indirectly purchased TFT-LCD panels during the period 2002 through 2006 which were incorporated into monitors, laptop computers, and televisions ("LCD Products") sold in Oregon; and (3) a proposed plan for distribution of the settlement proceeds which together with the Notice Plan afford Oregon political subdivisions and natural persons "[A] reasonable opportunity to secure an appropriate portion of net monetary relief." ORS 646.780(5)(a).

The Proposed Settlements presented by the Oregon Attorney General are with the Chi Mei, Hitachi Displays, Sharp, Samsung, Epson, LG Display, AUO, Toshiba, and HannStar defendants (as identified in the Proposed Settlements, and inclusive of related entities identified in the Proposed Settlements) (collectively "Defendants"). The Court has reviewed the Proposed Settlements and the State of Oregon's Notice of Motion and Motion for Approval of Settlements ("Motion for Approval") and supporting declarations. After carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Proposed Settlements are approved pursuant to ORS 646.775(3).
2. The Court finds that the terms of the Proposed Settlements fall within the range of reasonableness for approval.

3. The Court finds that the notice by publication, as proposed by Oregon, would not deny due process of law to any natural person or political subdivision, and constitutes valid, due, and sufficient notice.  The Court finds that the proposed Notice Plan and forms of notice comport with the due process of law and are proper under 646.775(2) and (3).

4. Within 15 days of this Order, the Oregon Attorney General is directed to cause the summary notice substantially in the form of the Notice of Settlement attached as the first page to Exhibit A to the Declaration of Tim D. Nord dated September 24, 2015 ("Nord Declaration") and filed with this Court to be published as described in the Notice Plan.  The Oregon Attorney General is further ordered to post the summary notice along with the long form notice (which together are Exhibit A to the Nord Declaration) on the Oregon Attorney General's website.

5. Within 15 days of this Order, the Oregon Attorney General is directed to mail Oregon political subdivisions summary notice substantially in the form of the Notice of Settlement attached as the first page to Exhibit A of the Nord Declaration.

6.  The Court finds that ORS 646.775(2)(b) provides that any natural person or Oregon political subdivision on whose behalf the Oregon Attorney General brings a *parens patriae* action pursuant to ORS 646.775(1)(a) must have the opportunity to exclude themselves from the Proposed Settlements.   Any natural persons or Oregon political subdivisions may exercise their right to be excluded from the Proposed Settlements by mailing an election of exclusion no later than 60 days after commencement of the Notice Plan to the appropriate address

identified in Exhibit A to the Nord Declaration. Any election of exclusion must be in writing, set forth the name, address, and telephone number of the person or entity that wishes to be excluded, and must be signed by the person or entity seeking exclusion. Any natural person or Oregon political subdivision that does not properly and timely elect exclusion shall be bound by the terms and provisions of the Proposed Settlements so approved following entry of final judgments of dismissal. Such terms and provisions shall include, but are not limited to, the releases, waivers, and covenants described in the Proposed Settlements whether or not such person or entity makes a claim against the settlement funds.

7. Pursuant to the Proposed Settlements, as provided in language included in each of the Proposed Settlements, no later than 15 days after the last date for mailing an election of exclusion, the State of Oregon shall provide to the respective Defendants calculations showing whether exclusions were sufficient in number to trigger Defendants' option to rescind their respective settlement agreements. In addition, the State of Oregon is required within this same time period to provide each of the Defendants with a complete list of those political subdivisions and natural persons that elected exclusion. In the event one or more of the settlement agreements does not become effective in accordance with the terms of one or more of the settlement agreements, this order shall be null and void as to that settlement agreement.

8. The Oregon Attorney General's motion for attorney fees, investigative and expert costs, and reimbursement of discovery costs to respective Oregon entities shall be filed no later than December 18, 2015.

9. Oregon Attorney General shall be allowed to remove from the settlement funds held at U.S. Bank up to $815,000 to be held in trust and which may be drawn against to pay for administrative, notice and claims processing expenses as contemplated by the Proposed Settlements.

10. The Court finds the preliminary plan of distribution set out in the Motion for Approval, together with the Oregon Attorney General's Notice Plan, meet the requirement of ORS 646.775(5)(a) as the Notice Plan and plan of distribution together are reasonably designed to provide natural persons and Oregon local governmental entities a reasonable opportunity to secure an appropriate portion of the amounts Defendants have agreed to pay under the terms of the Proposed Settlements. No distributions to state agencies, political subdivisions, or natural persons shall occur until judgments dismissing all defendants named in Oregon's Second Amended Complaint are entered by this Court and the Court enters a final judgment directing distribution.

11. With the exception of actions required to effectuate the Proposed Settlements or that are otherwise permitted by this order, the Proposed Settlements, or agreed to by the Oregon Attorney General and the Defendants, all further proceedings as to the Defendants involving claims released in the Proposed Settlements are hereby stayed. This stay includes actions by the Oregon Attorney General on behalf of Oregon state agencies and in her *parens patriae* capacity, and actions by any

natural person or Oregon political subdivision purporting to assert claims directly or indirectly against Defendants.

12. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Proposed Settlements.

**IT IS SO ORDERED.**

Dated:  October 30, 2015            _____
                                    THE HONORABLE SUSAN ILLSTON
                                     United States District Judge

PAGE 6 – PROPOSED ORDER REGARDING
PLAINTIFF'S MOTION FOR APPROVAL OF
SETTLEMENTS WITH ALL DEFENDANTS

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2015, I electronically filed the **[PROPOSED] ORDER GRANTING APPROVAL OF PLAINTIFF STATE OF OREGON'S SETTLEMENTS WITH ALL DEFENDANTS** with the Clerk of the Court using the CM/ECF system, which will automatically send email notification to the parties and counsel of record.

> HAGLUND KELLEY LLP
>
> By: /s/ Michael K. Kelley_____
> Michael G. Neff, OSB No. 925360
> (*Pro Hac Vice*)
> Email: mneff@hk-law.com
> Michael E. Haglund, OSB No.772030
> (*Pro Hac Vice*)
> Email: haglund@hk-law.com
> Michael K. Kelley, OSB No. 853782
> (*Pro Hac Vice*)
> Email: kelley@hk-law.com
> HAGLUND KELLEY LLP
> 200 S.W. Market Street, Suite 200
> Portland, Oregon 97201
> Telephone: (503) 225-0777
> Facsimile: (503) 225-1257
> Special Assistant Attorneys General for
>     Plaintiff State of Oregon
>
> Tim D. Nord, OSB No. 882800
> Email: Tim.D.Nord@doj.state.or.us
> Oregon Senior Assistant Attorney General
> 1162 Court Street, NE
> Salem, OR 97301-4096
> Telephone: (503) 943-4400
> Facsimile: (503) 225-1257
>
> Attorneys for Plaintiff State of Oregon